McGREGOR W. SCOTT
United States Attorney

PAUL S. HAM
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC  20044-0683
Telephone: (202) 307-6421
Facsimile:  (202) 307-0054

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREEKSIDE VINEYARDS, a California Limited Partnership, et al.,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>THE McCARTY COMPANY, INC., PATRICK McCARTY, et al.,<br><br>　　　　　　　Defendants. | Civil No.<br><br>[San Joaquin County - Stockton Branch - Superior Court Case No. CV013504<br><br>Consolidated with CV013505, CV014013, CV014134, CV014137, CV014355, CV014565, CV014566, CV014649, CV014828, CV015357, CV015358, CV015644, CV015645, CV015653, SV231109, SV0233068, SV233069] |
| And related cross claims | **NOTICE OF REMOVAL** |
| MID VALLEY AGRICULTURAL SERVICES, INC; BG AGRI SALES & SERVICE, INC.<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PATRICK N. McCARTY; THE McCARTY COMPANY, a California Corporation; McCARTY PARTNERS, a California Corporation; LITTLE JOHN CREEK; et al.,<br><br>　　　　　　　Defendants. | [San Joaquin County - Stockton Branch - Superior Court Case No. CV013489] |

////

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that the United States of America, by undersigned counsel, hereby removes the above-captioned actions from the San Joaquin County - Stockton Branch - California Superior Court ("Superior Court") to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1444.

The grounds for removal are as follows:

1. On December 17, 2004, Wells Fargo issued a Demand for Third Party Claim, pursuant to Cal. Civ. Proc. Code § 720.510, to the United States. See Exhibit A (copy of Demand for Third Party Claim with attachments).

2. The above-captioned cases filed with the Superior Court involve the party litigants' alleged interests in $900,000 ("funds at issue") which was allegedly deposited on behalf of Patrick N. McCarty with the Superior Court. See Exhibit B (copy of cover stating that the funds at issue were deposited). The proceedings with the Superior Court apparently involve numerous causes of action, including but not limited to breach of contract and corporate governance disputes. Upon information and belief, the United States believes that the Superior Court has ruled that Well Fargo has a valid, perfected interest to the funds at issue and that the Superior Court may cause the entire amount to be distributed to Wells Fargo.

3. The United States has numerous federal tax liens filed against both Patrick N. McCarty and the McCarty Company, who are named parties in the above-captioned cases. Pursuant to 26 U.S.C. Section 6321, the United States' liens attach to all property and rights to property, whether real or personal, belonging to either Patrick N. McCarty or the McCarty Company, including any interest held by these parties to the funds at issue.

4. The United States removes these cases to the district court to adjudicate the party litigants' priorities to the $900,000, including the United States' claim based upon it federal tax liens.

5. Under 28 U.S.C. § 2410(b), service upon the United States is to be made upon the United States Attorney for the district in which the action is brought *and* the Attorney General of the United

NOTICE OF REMOVAL                    -2-

States at Washington, District of Columbia.  See Labry v. I.R..S., 940 F.Supp. 148, 149-50 (E.D. La. 1996); U.S. v. Rockland Trust Co., 860 F.Supp. 895, 897 n.3 (D. Mass. 1994).  These cases were originally brought in San Joaquin County, California; therefore, the United States Attorney's Office for the Eastern District of California should have been served.  Plaintiff served the United States Attorney's Office for the Eastern District of California but did not serve the United States Attorney General.  See Exhibit A (Proof of Service attached to Demand for Third Party Claim).

6.   Since proper service has not been effected upon the United States under 28 U.S.C. § 2410, the 30-day time limit under 28 U.S.C. § 1446(b) has not been triggered.  See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-348 (1999) ("Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, . . . but not by mere receipt of the complaint unattended by any formal service.").  The United States construes the Demand for Third Party Claim as being a complaint for the purpose of determining proper service.

7.   Therefore, pursuant to 28 U.S.C. § 1444, the United States may remove this civil action as of right to this Court.

DATED this 14th day of January, 2005.

McGREGOR W. SCOTT  
United States Attorney

  /s/ - Paul Ham  
PAUL S. HAM  
Trial Attorney, Tax Division  
U.S. Department of Justice  
P.O. Box 683  
Ben Franklin Station  
Washington, D.C. 20044  
Telephone:  (202) 307-6421  
Facsimile:   (202) 307-0054

Attorneys for the United States